UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RICHARD DEOWSARRAN,

                Petitioner,                              **MEMORANDUM & ORDER**

        v.                                                 No. 21-CV-6930 (RPK)

DONALD UHLER, *Superintendent*,

                Respondent.
-----------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Petitioner Richard Deowsarran is serving a state prison sentence after pleading guilty to a criminal sexual act in the first degree. The state appellate court affirmed his conviction on direct appeal. Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that his guilty plea was not knowing, voluntary, and intelligent and therefore violated his due process rights. For the reasons explained below, the petition is denied.

## BACKGROUND

      In 2016, petitioner pleaded guilty to sexually assaulting a stranded motorist in violation of New York Penal Law § 130.50(1), a class B felony. Plea Colloquy Tr. 94–98 (Dkt. #6);[1] *see* N.Y. Penal Law § 130.50. Before accepting the plea, the trial court conducted a plea colloquy, during which petitioner stated that he agreed to plead guilty to a first-degree criminal sexual act in exchange for a negotiated sentence of ten years imprisonment with twenty years of post-release supervision. Plea Colloquy Tr. 89. Petitioner then affirmed that he understood his rights, the nature of the proceedings against him, what he was pleading guilty to, and the conditions of his plea. *Id.* at 91–98. He also affirmed that he was pleading guilty voluntarily and of his own free

---

[1] Citations to documents in the state court record follow the pagination assigned by ECF rather than the documents' internal pagination.

will.  *Id.* at 92.  Finally, he affirmed that he had previously been convicted of a felony offense in 2008.  *Id.* at 95.  The court accepted petitioner's plea.  *Id.* at 98.

Petitioner then appeared before the court for sentencing.  *See* Sentencing Hearing Tr. (Dkt. #9).  At the hearing, petitioner stated that he was "not too happy with the sentence."  *Id.* at 3.  The court responded that "[i]f [petitioner] want[ed]," it would "give . . . back the plea."  *Id.* at 4.  Petitioner replied that he "just wish[ed] . . . that this never happened and . . . that the sentence wasn't so . . . harsh."  *Id.* at 5.  The court then sentenced petitioner to ten years imprisonment with twenty years of post-release supervision.  *Id.* at 6.

Petitioner subsequently appealed his conviction and sentence on the ground that his "guilty plea was not knowingly, voluntarily, and intelligently entered" because the trial court "did not advise him of the potential sentencing range he faced as a second felony offender."  *People v. Deowsarran*, 94 N.Y.S.3d 455, 456 (App. Div. 2019).[2]  The New York Appellate Division affirmed the conviction and sentence, holding that the claim was unpreserved for appellate review because petitioner "did not move to withdraw his plea or otherwise raise this issue before the court."  *Ibid.*  The court further held that, "[i]n any event," the claim was "without merit."  *Ibid.*  The court relied on prior decisions that rejected similar voluntariness challenges by defendants who had not been specifically advised that they were being sentenced as prior felony offenders, but who had acknowledged their prior felony convictions and received an agreed-upon sentence.  *Ibid.* (citing *People v. Kopy*, 862 N.Y.S.2d 651, 653 (App. Div. 2008); *People v. Booker*, 719

---

[2] Citations to the case captions of several state court decisions have been modified to correct a misspelling of petitioner's name.

2

N.Y.S.2d 908, 909 (App. Div. 2001)).  The New York Court of Appeals denied leave to further appeal.  *People v. Deowsarran*, 34 N.Y.3d 930, 930 (2019).

Petitioner next filed a writ of error *coram nobis* seeking to vacate the Appellate Division's decision on the ground that petitioner had received ineffective assistance of appellate counsel. *People v. Deowsarran*, 129 N.Y.S.3d 858, 858 (App. Div. 2020).  The Appellate Division denied the petition, concluding that petitioner had not received ineffective assistance from his appellate counsel.  *Ibid.*  The New York Court of Appeals again denied leave to further appeal.  *People v. Deowsarran*, 36 N.Y.3d 971, 971 (2020).

Petitioner then filed a motion to vacate his conviction under New York Criminal Procedure Law § 440.10, arguing that his guilty plea violated his due process rights because it was not knowingly, voluntarily, and intelligently entered.  Notice of Mot. to Vacate J. 73 (Dkt. #6).  While petitioner had claimed on direct appeal that his plea was involuntary due to the trial court's failure to advise him of the sentencing range he faced as a second felony offender, petitioner's voluntariness challenge under Section 440 turned on the trial court's failure to advise petitioner more generally of the fact that he was being sentenced as a second felony offender.  *See* Mem. Op., July 13, 2021, at 70 (Dkt. #6).  The Section 440 court found that petitioner was not entitled to relief on that claim under New York Criminal Procedure Law § 440.10(2)(c), which provides:

> [T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to . . . raise such ground or issue upon appeal.

Mem. Op., July 13, 2021, at 70 (quoting N.Y. Crim. Proc. Law § 440.10(2)(c)).  The court noted that petitioner's Section 440 claim was "equally apparent from the record as his appellate argument," yet petitioner failed to raise his Section 440 claim on direct appeal.  *Ibid.*  And because petitioner "offer[ed] no justification for that omission," the claim was therefore "procedurally

3

barred." *Ibid.* It also held the claim was "[i]n any event . . . without merit." *Id.* at 71. The New York Appellate Division subsequently denied petitioner leave to appeal the Section 440 court's decision. Pet. 8 (Dkt. #1).

Petitioner has now filed a habeas petition. *See* Pet. The petition asserts that "[p]etitioner's guilty plea violates [d]ue [p]rocess because the trial court[] fail[ed] to advise petitioner that he would be sentenced as a second felony offender, render[ing] petitioner's guilty plea involuntary, unknowing, and unintelligent." *Id.* at 7.

### STANDARD OF REVIEW

A person in custody pursuant to a state-court judgment may seek a writ of habeas corpus on the ground that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Section 2254, subject to exceptions not applicable here, a federal court may review a petitioner's claims only if the applicant has exhausted the remedies available to him in the courts of his state. 28 U.S.C. § 2254(b)(1)(A). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).

Federal review of state convictions is circumscribed by the related doctrine of procedural default. A claim is procedurally defaulted "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement" such that "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). "[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."

4

*Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d. Cir. 1990). "Out of respect for finality, comity, and the orderly administration of justice," federal courts generally may not entertain procedurally defaulted claims through habeas unless the petitioner shows "cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). A state prisoner who fails to make those showings can only receive habeas review if he "advance[s] . . . a credible and compelling claim of actual innocence," *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (quoting *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012)), such that "failure to consider the claim[] will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") also constrains federal review of claims that have been preserved. So long as a state court adjudicated a litigant's claim on the merits, a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

## DISCUSSION

Petitioner's habeas petition is denied both because his claim is procedurally defaulted and because it fails on the merits.

### I. Petitioner's Claim Is Procedurally Defaulted.

Petitioner's claim that his guilty plea was not knowing, voluntary, and intelligent is procedurally defaulted because state courts determined that each version of this claim is barred by an adequate and independent state ground.

Petitioner first asserted that his guilty plea was not knowing, voluntary, and intelligent on direct appeal. Assuming that petitioner raised a due process claim, and not simply a claim under

5

the provision of New York law requiring that a defendant be notified of his status as a second felony offender before sentencing, *see* N.Y. Crim Proc. Law § 400.21, the claim is barred because the New York Appellate Division denied it on independent and adequate state procedural grounds. The New York Appellate Division held that because petitioner "did not move to withdraw his plea or otherwise raise this issue before the [trial] court," his claim was "unpreserved for appellate review" under New York Criminal Procedure Law § 470.05. *Deowsarran*, 94 N.Y.S.3d at 456. Section 470.05(2) provides that a claim is not preserved for appellate review unless "a protest . . . was registered, by the party claiming error, at the time of such ruling or instruction." N.Y. Crim. Proc. Law § 470.05(2). As the Second Circuit has explained, "the procedural bar of [Section] 470.05(2) constitutes an independent and adequate state ground" for denying a claim. *Garvey v. Duncan*, 485 F.3d 709, 720 (2d. Cir. 2007). While the Appellate Division also held that, "in any event," petitioner's claim failed on the merits, *Deowsarran*, 94 N.Y.S.3d at 456, its alternative holding does not prevent application of the procedural default rule. *See, e.g.*, *Glenn v. Bartlett*, 98 F.3d 721, 725 (2d. Cir. 1996) (applying the procedural default rule where the state court "prefaced its discussion of the merits of the claims by stating that 'in any event' and 'in any case' they were without merit"); *Zarvela v. Artuz*, 364 F.3d 415, 418–19 (2d. Cir. 2004) (similar).

Petitioner also filed a Section 440 motion asserting that his guilty plea was involuntary and violated due process. That claim, too, was denied on independent and adequate state procedural grounds. The court relied on New York Criminal Procedure Law § 440.10(2)(c), which requires courts to "deny a motion to vacate a judgment when . . . sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised" but the "defendant[] unjustifiabl[y] fail[ed] to . . . raise such ground or issue." Mem. Op., July 13, 2021, at 70 (quoting N.Y. Crim. Proc. Law § 440.10(2)(c)). The Second Circuit has recognized that a claim is procedurally

6

defaulted for failure to comply with Section 440.10 "where the trial record provided a sufficient basis for" the claim. *Sweet v. Bennett*, 353 F.3d 135, 140 (2d. Cir. 2003). Here, the trial court record would have provided a sufficient basis for petitioner's claim because whether the trial court's failure to advise petitioner that he was being sentenced as a second felony offender would have been apparent from the plea colloquy transcript. *See* Plea Colloquy Tr. 87–100. And, once again, the fact that the Section 440 court also held that petitioner's claim "[i]n any event" failed on the merits, Mem. Op., July 13, 2021, at 71, does not prevent application of the procedural-default rule. *See, e.g.*, *Glenn*, 98 F.3d at 725; *Zarvela*, 364 F.3d at 418–19.

The record does not support the application of any exception to procedural-default rules. Petitioner has neither made a showing of "cause or prejudice to excuse the default," *Dretke*, 541 U.S. at 388, nor "advanced . . . a credible and compelling claim of actual innocence," *Hyman*, 927 F.3d at 656.

Petitioner's claim is therefore procedurally defaulted.

**II.   Petitioner's Claim Also Fails on the Merits.**

Petitioner's due process challenge to his guilty plea also fails on the merits under AEDPA's deferential standard of review. That is, petitioner has not shown that the state court determinations that petitioner was not denied due process contravened "clearly established Federal law, as determined by the Supreme Court" or rested on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2). The Supreme Court has held that due process requires that a guilty plea "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Petitioner argues that his guilty plea was not voluntary and intelligent because the trial court never informed him "that he would be sentenced as a second felony offender." Pet. 7. But at petitioner's plea hearing, the trial court obtained petitioner's

7

acknowledgement that he had a prior felony conviction, Plea Colloquy Tr. 95, and advised petitioner of the sentence he would face under his plea bargain, *id.* at 89—a sentence within the statutory range for a Class B felony by a second felony offender. *See* N.Y. Penal Law § 70.06 (explaining that, for a defendant with a prior felony conviction, "[f]or a class B felony, the term must be at least nine years and must not exceed twenty-five years"). Petitioner has not explained why a plea made with full knowledge of the sentencing consequences is not knowing or intelligent simply because the trial court does not explain the mechanics of the prior felony statute. At minimum, the Appellate Division's rejection of petitioner's due process claim on these facts did not contravene clearly established federal law as determined by the Supreme Court.

Petitioner's claim therefore fails on the merits.

## CONCLUSION

For the foregoing reasons, the petition is denied. Because petitioner has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) (quotation marks omitted), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is also denied. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: December 5, 2023
      Brooklyn, New York

8